**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| VIDA LAWSON, | |
| Plaintiff, | |
| v. | Civil Action No. 8:13-cv-02149-AW |
| MERS, Inc. | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court takes the following facts from pro se Plaintiff Vida Lawson's Complaint and public real estate records. Courts may consider public real estate records when ruling on motions to dismiss, especially where, as here, they are referred to in the complaint and integral to it. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *Sec'y of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Plaintiff owns real property located at 2512 Fort Drive, Suitland, Maryland 20746 ("the Property"), where she currently resides. On September 18, 2007, Plaintiff executed a promissory note ("Note") pursuant to which she borrowed $292,500 from Countrywide Bank, FSB ("Countrywide") to refinance the Property. *See* Doc. No. 3-7. On the same date, Plaintiff

executed a Deed of Trust securing the Note against the Property. *See* Doc. No. 3-6. The Deed of Trust names Countrywide as the lender and Defendant MERS as a nominee for the lender. In July 2012, Defendant MERS executed an Assignment Deed of Trust, by which it transferred its interest in the Deed of Trust to Bank of America, N.A. ("Bank of America"), as successor by merger to Countrywide. Doc. No. 3-8. In this District, it is well-established that Countrywide has merged into Bank of America. *See, e.g.*, *Allen v. Bank of Am.*, N.A., Civil No. CCB–11–33, 2013 WL 1164898, at *13 n.2 (D. Md. Mar. 19, 2013) (publication forthcoming); *Sheard v. Bank of Am., N.A.*, Civil No. PJM 11–3082, 2012 WL 3025119, at *1 n.1 (D. Md. July 23, 2012); *Biggs v. Eaglewood Mortg., LLC*, 582 F. Supp. 2d 707, 710 n.1 (D. Md. 2008); *see also Lass v. Bank of Am., N.A.*, 695 F.3d 129, 133 n.5 (1st Cir. 2012).

Based on this backdrop, Plaintiff originally filed a Complaint to Quiet Title in the Circuit Court for Prince George's County, Maryland. Defendant removed that case on May 1, 2013. *See Lawson v. MERS*, 8:13-cv-01301-AW (D. Md. 2013). Defendant moved to dismiss. On June 4, 2013, the Court issued an Opinion and Order denying Defendant's motion without prejudice. The Court reasoned that it was premature to dismiss Plaintiff's quiet title action because it was unclear that MERS had the authority to transfer Countrywide's interest in the Note to Bank of America. However, the Court concluded that Bank of America was a necessary party and ordered Plaintiff to file an amended complaint joining Bank of America. Plaintiff failed to file an amended complaint joining Bank of America and, therefore, the Court dismissed Plaintiff's claims against MERS without prejudice.

On June 2013, Plaintiff filed another Complaint to Quiet Title in the Circuit Court for Prince George's County that is substantively the same as her Complaint in the case the Court previously dismissed. Plaintiff makes five arguments in her Complaint and Addendum: (1)

MERS lacked authority to transfer the Note and Assignment Deed of Trust; (2) the Note and Deed of Trust were separated, and thereby invalidated, by the alleged securitization of the Note; (3) MERS is a forfeited entity; (4) the assignment of the Deed of Trust was fraudulent because the representative of MERS who signed it did not personally appear before the notary who signed the same; and (5) Countrywide defrauded Plaintiff by failing to apply funds earned through the sale of the Note to interest and principal as required by contract. On August 1, 2013, Defendant filed a Motion to Dismiss. Doc. No. 3. On August 2, 2013, the Clerk issued a Rule 12/56 letter, stating that Plaintiff had seventeen days from the date of the letter to respond to Defendant's Motion to Dismiss. This time has expired and Plaintiff has yet to respond to Defendant's Motion to Dismiss.

## II. STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing,

the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. ANALYSIS

Plaintiff has failed to state a cognizable quiet title claim. *See generally* Md. Code Ann., Real Prop. § 14-108(a). "The purpose of an action to quiet title is to protect the owner of legal title from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions." *Porter v. Schaffer*, 728 A.2d 755, 766 (Md. Ct. Spec. App. 1999) (citations and internal quotation marks omitted). "In pressing such a claim, the plaintiff has the burden of establishing both possession and legal title by clear proof." *Id.* (citation and internal quotation marks omitted).

Here, the record establishes that MERS validly transferred the Assignment Deed of Trust to Bank of America. Although MERS was not the noteholder, Countrywide merged with Bank of America. Because of the merger, Countrywide's interest in the Note transferred to Bank of America. *Cf.* Md. Code Ann., Corps. & Ass'ns § 3-114(e)-(f). Therefore, in executing the Assignment Deed of Trust, MERS merely transferred its beneficial interest in the Assignment Deed of Trust to the noteholder, Bank of America. Therefore, Plaintiff's allegations that MERS lacked authority to transfer the Assignment Deed of Trust and that the Deed of Trust "separated" from the Note are unfounded. *See, e.g.*, *Suss v. JP Morgan Chase Bank, N.A.*, Civ. No. WMN–

09–1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010) (collecting cases) ("[MERS's] system of recordation is proper and assignments made through that system are valid."). In short, Plaintiff has failed to plead facts from which one could plausibly infer that MERS has set up unjust and illegal pretensions, or that she has legal title by clear proof.

Plaintiff's remaining arguments are also deficient. Judges in this District, including this Court, have repeatedly rejected the notion that, as a general matter, the securitization of notes renders them unenforceable. *See, e.g.*, *Reed v. PNC Mortg.*, Civil Action No. AW–13–1536, 2013 WL 3364372, at *3 (D. Md. July 2, 2013); *Suss*, 2010 WL 2733097, at *5. The isolated and vague allegation that MERS is a forfeited entity is insufficient to state a cause of action. Furthermore, assuming MERS were forfeited, it is unclear that this status would affect the validity of the contract between Countrywide and Plaintiff. Moreover, as a matter of equity, the Deed of Trust would likely be assigned to Bank of America as successor of Countrywide. *Cf.* Md. Code Ann., Corps. & Ass'ns § 3-515. The notion that the Assignment of the Deed of Trust was fraudulent because the representative of MERS who signed it did not personally appear before the notary is speculative and misguided. Plaintiff bases this belief on her observation that the Assignment Deed of Trust lists the notary's address as Ventura, California but the MERS signatory's address as Danville, Illinois. This observation is mistaken; the Assignment Deed of Trust simply states that MERS is located in Danville, Illinois. Finally, the isolated allegation that Countrywide breached the contract and defrauded Plaintiff by failing to apply funds earned through the sale of the Note to interest and principal as required by the contract is too vague to state cognizable causes of action for breach of contract and fraud. *See generally CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004) (citation omitted) (stating the elements for breach of contract); *Nails v. S & R, Inc.*, 639 A.2d 660, 668 (Md. 1994) (citing

cases) (stating the elements of fraudulent misrepresentation); Fed. R. Civ. P. 9(b) (providing that fraud claims must be pleaded with particularity). For good measure, the Court notes that Plaintiff has again failed to join necessary party Bank of America. This failure is all the more reason to dismiss her claim. *Cf.* Fed. R. Civ. P. 19(a)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. A separate Order closing the case with prejudice follows.

| August 20, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |